FILED
2026 Sep-08 AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ESTEBAN ROBERTO ORTIZ,** | ] | |
| | ] | |
| **Movant,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 2:25-cv-8023-ACA** |
| | ] | |
| **UNITED STATES OF AMERICA,** | ] | |
| | ] | |
| **Respondent.** | ] | |

## MEMORANDUM OPINION AND ORDER

Before the court is Movant Esteban Roberto Ortiz's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Doc. 1). He makes four claims: (1) there was insufficient evidence of conspiracy to support his conviction ("Ground One"); (2) methamphetamine and marijuana no longer support the enhancements used to increase his sentence ("Ground Two"); (3) the government could not prove that a codefendant who absconded was a part of a conspiracy because testimony about his statements was inadmissible hearsay ("Ground Three"); and (4) the court erred in admitting text messages into evidence ("Ground Four"). (Doc. 1 at 6–10, 20, 29–48). The government responds that Mr. Ortiz's claims are untimely, procedurally defaulted or barred, and meritless. (Doc. 6 at 1). In reply, Mr. Ortiz moves "to traverse government's response . . . and request an evidentiary hearing." (Doc. 8).

Because Ground One is procedurally defaulted, Ground Two is not cognizable, and Grounds Three and Four are procedurally barred, the court **WILL DENY IN PART** and **DISMISS IN PART** the § 2255 motion, **WILL DENY AS MOOT** the motion to traverse and for an evidentiary hearing, and **WILL DENY** a certificate of appealability. The court also **WILL DENY AS MOOT** Mr. Ortiz's motion for appointment of counsel. (Doc. 151).

Because Ground Two could be construed to seek a sentence reduction under 18 U.S.C. § 3582(c)(2), the court **DENIES** that request on the basis that Mr. Ortiz is not eligible for a sentence reduction.

## I. BACKGROUND

After a jury found Mr. Ortiz guilty of conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine weighing 500 grams or more and a detectable amount of marijuana, the court sentenced him to 300 months' imprisonment. *United States v. Ortiz*, no. 21-353, doc. 135 (N.D. Ala. June 28, 2013).[1] Mr. Ortiz appealed, challenging the admission of text messages and testimony about statements made by a codefendant who had absconded. (Doc. 1 at 4; *Ortiz* doc. 146-1 at 2, 8). The Eleventh Circuit affirmed. (*Id.* at 13).

[1] The court cites documents from Mr. Ortiz's criminal proceeding as "*Ortiz* doc. __."

## II. DISCUSSION

Mr. Ortiz makes four claims, as set out above. The government responds that Mr. Ortiz's claims are untimely, procedurally defaulted or barred, and meritless. (Doc. 6 at 1). Because Ground One is procedurally defaulted, Ground Two is not cognizable, and Grounds Three and Four are procedurally barred, the court will not address timeliness or the merits.

1. Ground One

In Ground One, Mr. Ortiz argues that insufficient evidence supports his conviction for conspiracy. (Doc. 1 at 6, 34–36). He alleges that he raised this issue on direct appeal. (Doc. 1 at 4). However, a review of his appellate brief reveals that he did not. *See United States v. Ortiz*, no. 23-10617, doc. 47 at 5–6 (11th Cir. Oct. 25, 2023). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Because the sufficiency of the evidence supporting his conviction was available to him during his direct appeal, his failure to raise it means that the claim is now procedurally defaulted. *See id.*

A § 2255 movant can avoid a procedural default in two ways: (1) by showing "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error" or (2) if he is actually innocent. *Id*. (emphasis omitted). "'Actual

innocence' means factual innocence, not mere legal innocence." *Id.* at 1235 (alteration accepted).

Mr. Ortiz does not argue that he is actually innocent. (*See generally* docs. 1, 8). However, at the end of his reply brief, he writes: "Defense counsel's failure to raise stated relevant issues fell below reasonable professional standards. Counsel's failure in this regard due to severe incompetence constitutes 'cause' for default in post-conviction proceedings." (Doc. 8 at 21).

As an initial matter, the court does not find this conclusory assertion sufficient to assert a claim of ineffective assistance of counsel that could serve as cause to excuse the procedural default. *See King v. Warden, Ga. Diagnostic Prison*, 69 F.4th 856, 877 (11th Cir. 2023) ("[O]rdinary forfeiture rules, under which a party forfeits an argument by failing to adequately brief it, apply to habeas proceedings in the district court."); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014) ("We have long held that [a party] abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him."). Even if Mr. Ortiz had raised the issue adequately, it would fail because although Mr. Ortiz did not challenge the sufficiency of the evidence on direct appeal, the

Eleventh Circuit found that "the evidence overwhelmingly established that Ortiz conspired with at least one other individual to distribute a controlled substance." (*Ortiz* doc. 146-1 at 10). Accordingly, the court **WILL DENY** Ground One as procedurally defaulted.

2. Ground Two

In Ground Two, Mr. Ortiz argues that methamphetamine and marijuana no longer support the enhancements used to increase his sentence because marijuana has been removed from the schedule it was on in 2021 and the United States Sentencing Guidelines have been amended to reduce the sentences imposed for offenses involving methamphetamine.[2] (*Id.* at 7, 36–38). The government argues that Mr. Ortiz procedurally defaulted this ground and that it fails on the merits in any event. (Doc. 6 at 10). Because the claim is not cognizable, the court will skip the procedural default and merits analyses. *Cf. Dallas v. Warden*, 964 F.3d at 1285 (11th Cir. 2020) ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event.").

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en

[2] Mr. Ortiz asserts that he was sentenced in 2021. (*See* doc. 1 at 7, 36–38). But 2021 was the year he engaged in the offense conduct; he was not even indicted until 2022. (*See Ortiz* doc. 30). The jury found Mr. Ortiz guilty in February 2023 (*Ortiz* doc. 92), and the court sentenced Mr. Ortiz in June 2023 (*Ortiz* minute entry June 28, 2023). At sentencing, the court applied the then-current version of the U.S. Code and the 2021 version of the United States Sentencing Guidelines. (*See Ortiz* doc. 134 ¶¶ 26, 79).

banc). A district court may not review a claim that the "'sentence was imposed in violation of the laws of the United States or is otherwise subject to collateral attack' . . . unless the claimed error constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Id*. (quoting 28 U.S.C. § 2255(a)) (cleaned up). "When a federal prisoner, sentenced below the statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." *Id.* at 1139.

Mr. Ortiz's 300-month sentence was well below the statutory maximum of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii). And although he challenges the sufficiency of the evidence of a conspiracy, he does not allege actual innocence or proffer any evidence showing that he is actually innocent. (*See generally* docs. 1, 8); *Lynn*, 365 F.3d at 1235 ("'Actual innocence' means factual innocence, not mere legal innocence.") (alteration accepted). He also does not allege that a prior conviction has been vacated. (*See generally* docs. 1, 8). The bases on which he relies—changes in drug scheduling or in the Sentencing Guidelines—do not satisfy the narrow exceptions the Eleventh Circuit has set out for the non-cognizability of sentencing challenges in § 2255 proceedings. *See Spencer*, 773 F.3d at 1138–39. Accordingly, the court **WILL DISMISS** Ground Two as non-cognizable in a § 2255 motion.

3. Grounds Three and Four

In Ground Three, Mr. Ortiz argues that the government could not prove that a codefendant who absconded was a part of a conspiracy because testimony about his statements was inadmissible hearsay. (Doc. 1 at 8, 38–43). In Ground Four, Mr. Ortiz asserts that the court erred by admitting text messages that were hearsay. (*Id.* at 10, 43–45). The government asserts that these claims are procedurally barred.[3] (Doc. 6 at 12–13).

The procedural bar provides that "once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quotation marks omitted); *see also Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) ("It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that [the appellate court] rejected in his direct appeal."). A § 2255 movant can overcome a procedural bar only if "there is an intervening change in law." *Seabrooks*, 32 F.4th at 1383.

[3] More precisely, the government asserts that the claims are procedurally defaulted. (Doc. 6 at 13). As discussed above, procedural default occurs when a defendant fails to raise an available claim on direct appeal. *See Lynn*, 365 F.3d at 1234. The procedural bar is a different defense, arising when a defendant did litigate a claim on direct appeal. *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022) ("The terms 'procedurally barred' and 'procedurally defaulted' have distinct meanings."). Although the government uses the wrong term, the substance of its argument shows that it meant to assert the procedural bar defense. (*See* doc. 6 at 11–13).

On direct appeal, Mr. Ortiz argued that the district court abused its discretion by admitting out of court statements by a co-conspirator and by admitting text messages. (Doc. 1 at 4). The Eleventh Circuit held that the court did not abuse its discretion by admitting that evidence. (*Ortiz* doc. 146-1 at 9–10). As a result, Mr. Ortiz raised, and the Eleventh Circuit resolved, Grounds Three (the admissibility of statements made by an absent codefendant) and Four (the admission of text messages). (*See* doc. 1 at 8, 10). Mr. Ortiz does not assert that the law relating to those issues has changed. (*See generally* docs. 1, 8). Accordingly, he may not relitigate those issues in his § 2255 motion. *See Seabrooks*, 32 F.4th at 1383. The court **WILL DENY** Grounds Three and Four as procedurally barred.

<u>4. Certificate of Appealability</u>

Rule 11 of the Rules Governing § 2255 Cases requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Cases, Rule 11(a). The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or "that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 338 (2003) (quotation marks omitted). This

court finds that Mr. Ortiz has not satisfied either standard. The court **WILL DENY** a certificate of appealability.

5. Construed § 3582(c) to Reduce Sentence

Because Mr. Ortiz is proceeding *pro se* and Ground Two could be construed to assert a request for a sentence reduction, the court construes Ground Two as moving for relief under 18 U.S.C. § 3582. *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) ("Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework.").

The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Mr. Ortiz argues that "amendments to the federal sentencing guidelines . . . now reduce the disparity in penalties based on the purity of the drug." (Doc. 1 at 37). That argument would fall under § 3582(c)(2), which permits a court to modify a term of imprisonment if the defendant was sentenced to a term of imprisonment based on a sentencing range the Sentencing Commission later lowered, but only after the court has considered the 18 U.S.C. § 3553(a) factors and if the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

No retroactively applicable amendment to the Sentencing Guidelines changes Mr. Ortiz's offense level or guidelines range. *See* United States Sentencing Guidelines § 2D1.1(c)(1) (2025) (continuing to mandate a base offense level of thirty-eight when the quantity of methamphetamine (actual) exceeds 4.5 kilograms); (*Ortiz* doc. 134 ¶ 27) (explaining that the offense involved 4.69 kilograms of methamphetamine (actual)); (*Ortiz* doc. 136 at 1). Accordingly, he is not eligible for a sentence reduction under § 3582(c)(2). The court therefore **WILL DENY** the construed § 3582(c)(2) motion.

## III. CONCLUSION

The court **WILL DENY IN PART** and **DISMISS IN PART** Mr. Ortiz's § 2255 motion. The court **WILL DENY** Grounds One, Three, and Four as procedurally barred or procedurally defaulted, and **WILL DISMISS** Ground Two as non-cognizable. The court **WILL DENY AS MOOT** the motion to traverse and for an evidentiary hearing, and **WILL DENY** a certificate of appealability.

To the extent the § 2255 motion could be construed as a § 3582(c) motion to reduce the sentence, the court **WILL DENY** it because Mr. Ortiz is not eligible for a sentence reduction.

The court will enter a separate final order.

**DONE** and **ORDERED** this September 8, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE